IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
|    marchFIRST, Inc., et al., | ) | Chapter 7 |
| | ) | Case No. 01 B 24742 |
|           Debtor. | ) | (Substantively Consolidated) |
| | ) | |
| | ) | Honorable John D. Schwartz |
| | ) | |
| SBI SERVICES, INC., a Utah corporation, | ) | |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW J. MAXWELL, as Trustee for the estates of marchFIRST, Inc., et al., | ) | Adv. No. 06-01283 |
| | ) | |
|           Defendant. | ) | |

**ORDER APPROVING SETTLEMENT
AND DISMISSING COMPLAINT**

At Chicago, in said District, this 11th day of October, 2007.

THIS CAUSE coming on to be heard upon the joint motion of ANDREW J. MAXWELL, as Trustee for the estates of marchFIRST, Inc., et al., in the above referenced bankruptcy cases ("**Trustee**"), and SBI SERVICES, INC., a Utah corporation ("**SBI**"), to settle and compromise certain of their outstanding disputes and controversies in accordance with Bankruptcy Rules 2002(a), 9006(c) and 9019(a), and the terms and conditions of that certain Settlement Agreement attached hereto as Exhibit A and made a part hereof (the "**Settlement Agreement**")(the "**Motion**"); due written notice hereof having been given to all parties entitled thereto; good cause having been shown for the entry hereof; no objections having been heard to the entry hereof; the

75724                                                 1

Court having reviewed the Motion and having heard the statements of counsel present, and being otherwise fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Motion is hereby granted in its entirety. Capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise noted.

2. The Trustee is hereby authorized and directed to fulfill the obligations under the Settlement Agreement forthwith, and to take such steps and execute and deliver such additional documents as may be necessary to fully effectuate the terms and conditions thereof without further order of this Court.

3. All right, title and interest of every kind or nature whatsoever, in and to the following two (2) patents which were owned by the Sellers: (a) U. S. Patent No. 5,544,354 issued August 6, 1996 entitled "Multimedia Matrix Architecture User Interface"; and (b) U. S. Patent No. 6,215,502 issued April 10, 2001 entitled "Method and Apparatus for Automatically Reconfiguring Graphical Objects Relative to New Graphical Layouts"(collectively, the **"Patents"**), including, without limitation, all know-how incorporated in the Patents, all goodwill associated with the Patents, the right to prepare derivative works of the Patents and all claims of past, present or future infringement and/or royalties in connection with the Patents, are hereby deemed to have been fully, absolutely, unconditionally and irrevocably sold, transferred and assigned to SBI, free and clear of any liens or other encumbrances, on June 15, 2001 as part of the Acquired Assets pursuant to the terms and conditions of the SBI APA and the Sale Order.

4. With respect to each of the Patents individually, in the event that no Patent

75724

2

Transfer occurs within the Transfer Period for any reasons whatsoever, then in such case, immediately following the expiration of the Transfer Period, SBI shall be entitled without further act, notice, deed or court order, to cause a UCC Amendment Form UCC-3 to be recorded with the Utah Secretary of State's office, at SBI's sole expense, terminating the Trustee's Net Proceeds Security Interest and the Trustee's Patent Security Interest in their entirety. With respect to each of the Patents individually, in the event that SBI determines, in its reasonable discretion, that the Trustee's Patent Security Interest will prevent or otherwise unreasonably impair SBI's ability to consummate a Patent Transfer during the Transfer Period (such as having the release thereof be a condition of closing of the sale of such Patent(s)), then SBI shall be entitled without further act, notice, deed or court order, to cause a UCC Amendment Form UCC-3 to be recorded with the Utah Secretary of State's office, at SBI's sole expense, terminating the Trustee's Patent Security Interest, or any portion thereof, which is necessary to permit SBI to consummate such Patent Transfer as to such Patent(s). With respect to each of the Patents individually, in the event that a Patent Transfer occurs within the Transfer Period, then in such case, immediately following the payment(s) in full of the Remittance Payment to the Trustee, SBI shall be entitled without further act, notice, deed or court order, to cause a UCC Amendment Form UCC-3 to be recorded with the Utah Secretary of State's office, at SBI's sole expense, terminating the Trustee's Net Proceeds Security Interest and the Trustee's Patent Security Interest, if any, in their entirety. With respect to each of the Patents individually, notwithstanding anything to the contrary contained herein, in the event that any of the Trustee's Patent Security Interest has not been previously released during the Transfer Period, then in such case, immediately following the expiration of the Transfer Period, SBI shall be entitled without further

75724

act, notice, deed or court order, to cause a UCC Amendment Form UCC-3 to be recorded with the Utah Secretary of State's office, at SBI's sole expense, terminating the Trustee's Patent Security Interest. SBI shall promptly send to the Trustee a copy of any Amendment Form UCC-3 which it files pursuant to this paragraph 4.

5. The Patent Proceeding is hereby dismissed with prejudice, and without costs being assessed against any of the parties thereto.

6. The terms of this Order and the Settlement Agreement are hereby binding upon Trustee, the Debtors, the Debtors' Estates, all creditors and equity security holders of the Debtors, and all of their respective successors and assigns, including without limitation, any and all subsequently appointed trustees, liquidating agents, representatives, committees, and/or receivers appointed in the Bankruptcy Case, in any subsequent case involving the Debtors, or any of them, under Chapter 7 or 11 of the Bankruptcy Code or in any similar state court or legal proceeding.

7. This Court shall have exclusive jurisdiction to hear any and all matters arising out of this Order and/or the Settlement Agreement.

ENTER:

U. S. Bankruptcy Judge

*This order prepared by:*
CHAD H. GETTLEMAN, ESQ.(ARDC #944858)
BRAD A. BERISH, ESQ. (ARDC #06200891)
ADELMAN &, GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050

Attorneys for SBI Services, Inc.

75724                                                                                          4